U.S. DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 OCT 15 PM 2:31

[CLERK signature]
BY_____
DEPUTY CLERK

| | |
|---|---|
| PRISONER A, <br>     Plaintiff, <br><br> v. <br><br> STATE OF VERMONT, AGENCY OF HUMAN SERVICES, DEPARTMENT OF CORRECTIONS, DEPARTMENT OF MENTAL HEALTH, DEPARTMENT OF AGING AND INDEPENDENT LIVING, <br>     Defendants. | Docket No. 2:15-cv-221 <br> Jury Trial Requested |

## VERIFIED COMPLAINT

1. This action is brought by Plaintiff Prisoner A seeking declaratory, injunctive, compensatory, and punitive relief pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 et seq., Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and the Vermont Fair Housing and Public Accommodations Act, 9 V.S.A. 4500, et seq. because of Defendants' actions of willfully and knowingly causing Plaintiff to be held in unnecessarily segregated circumstances when he would be eligible for community placement if the appropriate, State-funded available community supports and services were implemented.

## PARTIES

2. Plaintiff Prisoner A (hereinafter referred to as "Plaintiff") is an individual with significant disabilities who is currently incarcerated in the Southern State Correctional Facility in Springfield, Vermont.

3. Defendant Agency of Human Services ("AHS") has overall

responsibility for providing appropriate placement and care for people in State's custody insofar as Defendants DOC, DMH, and DAIL are major components thereof. 3 V.S.A. §§ 3001-3002.

4. Defendant Department of Corrections (DOC), is a part of the Vermont Agency of Human Services and is responsible for the custody, care, and supervision of persons incarcerated at Vermont State Correctional Facilities, including the Southern State Correctional Facility, in Springfield, Vermont. 28 V.S.A. § 102.

5. Defendant Department of Mental Health (DMH) is a governmental entity authorized by State law to provide comprehensive services to all citizens of the state in mental health and related problems. 18 V.S.A. §7201.

6. Defendant Vermont Department of Aging and Independent Living (DAIL) is part of the Agency of Human Services and provides various services to Vermonters over the age of 60 or who have a disability. 33 V.S.A. § 501.

## JURISDICTION

7. This Court has general jurisdiction over this matter pursuant to 28 U.S.C. §1331.

## VENUE

8. Venue is proper in this Court under 28 U.S.C. §1391.

## FACTS

9. Plaintiff is a 37-year-old individual with one or more disabilities qualifying him for protections against disability-based discrimination within the meaning of 42 U.S.C. §12102.

10. Plaintiff has been noted by Defendants to have been diagnosed with

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

schizo-affective disorder and depression, among other diagnoses.

11. Title II of the ADA prohibits discrimination on the basis of disability by public entities, including any department serving as an instrumentality of the State, i.e. correctional facilities. 42 U.S.C. §12131(1); 28 C.F.R. §35.102(a); 28 C.F.R. §35.130(b); *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998).

12. Regulations implementing Section 504 of the Rehabilitation Act of 1973 prohibit recipients of federal financial assistance from "[u]tiliz[ing] criteria or methods of administration … (i) [t]hat have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap [or] (ii) [t]hat have the … effect of substantially impairing accomplishment of the recipients' program with respect to handicapped persons." 45 C.F.R. § 84.4(b)(4); 28C.F.R. § 41.51(b)(3)(i).

13. Defendants receive federal funding to fund aspects of their services and supports and are thus subject to the protections of Section 504.

14. The Vermont Fair Housing and Public Accommodations Act (VFHPAA) is also applicable to correctional facilities because legislative intent has made clear that the VFHPAA would be applied consistently with the ADA. *Dep't of Corr. v. Human Rights Comm'n*, 181 Vt. 225, 228, (2006).

15. Both the ADA and VFHPAA mandate that a "public entity shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. §35.130(d); 9 V.S.A. § 4502(c)(2). A violation of this integration mandate occurs when the individual is not

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

3

placed in the most integrated setting reasonably possible. *Olmstead v. L.C.*, 527 U.S. 581, 601-603 (1999).

16. Plaintiff's minimum sentence was served on July 13, 2013, but he continues to be held at Southern State Correctional Facility ("SSCF") because of the failure of Defendants to have a reasonably functional system in place to identify and implement appropriate disability-related supports in the community to prevent continued, unnecessary and harmful institutionalization.

17. Plaintiff was eligible for release to the community since July 2013 pending the identification of suitable supported housing, but has remained incarcerated due to Defendants' failure to maintain adequate capacity of supported or transitional housing to meet demand.

18. On information and belief, Plaintiff would be eligible for State and federal funded community supports, such as Choices for Care (CFC) and/or Community Rehabilitation Treatment (CRT) services, if released from incarceration.

19. Through counsel, Plaintiff has caused his discharge crisis to be heard at the Statewide Interagency Team (SIT) monthly meetings for more approximately ten months without any substantive effort, results, or progress towards ending the unnecessary and harmful institutionalization Plaintiff continues to withstand.

20. Had Defendants met their legal duty as interpreted by the United States Supreme Court in *Olmstead* and provided for placement of Plaintiff in the most integrated setting, Plaintiff would not have remained incarcerated for approximately the

past two years at SSCF, nor would he have experienced the exacerbated mental, emotional, and physical harm and trauma, including a significant suicide attempt, that he continues to endure by being held further in the segregated setting of prison instead of being placed in an appropriate, more integrated setting.

21. As a result of the abuse, neglect, and discrimination endured during Plaintiff's incarceration to date, and the failure of Defendants to place him in the least restrictive, most integrated, and most clinically appropriate setting, Plaintiff has suffered unnecessary pain and suffering and a continuing violation of his civil rights.

22. Defendants knew or should have known that Plaintiff's continued incarceration would result in the immediate and continuing deprivation of Plaintiff's right to be free from disability-based discrimination.

23. On information and belief, prisoners similarly situated to Plaintiff, but without disabilities or the need for State-funded community disability-based support services, are released into the community at or close to their minimum, while Plaintiff has been discriminated against by prolonged, unnecessary incarceration in an institutional setting.

24. Supervised release into the community is a service and/or program offered and provided by Defendant DOC. Upon information and belief, Plaintiff, because of his disabilities, is being denied the equal benefit of those programs as compared to his non-disabled peers.

25. While incarcerated Plaintiff has not been provided adequate mental

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

health care or supports for his developmental disabilities, resulting in one significant suicide attempt and exposing him to continued risk of harm as he remains in prison due to a lack of available community supports.

26. Plaintiff has exhausted all available administrative remedies available to him, most recently by filing a "Grievance #7" Decision Appeal to the Department of Corrections Commissioner's Office on August 26, 2015 via e-mail and U.S. Mail, which was confirmed to have been received by counsel for Defendant DOC counsel on August 31, 2015, and which was never subsequently responded to after repeated inquiries from Plaintiff's counsel (which also went unanswered).

27. Plaintiff's counsel gave notice via e-mail to Defendant's counsel on October 2, 2015 that Plaintiff now considers all administrative remedies to be exhausted due to the failure of the Commissioner to respond to the final level of appeal (Grievance #7) within twenty days pursuant to DOC Policy Offender Grievance System #320.01, Attachment 1 § (f).

### FIRST CAUSE OF ACTION – PLAINTIFF'S CONTINUED INCARCERATION CONSTITUTES VIOLATIONS OF TITLE II OF THE ADA

28. Plaintiff incorporates by reference paragraphs one (1) through twenty-seven (27), above.

29. The continued institutional placement of Plaintiff as an incarcerated individual when he is eligible for release but for the lack of State-funded disability-based community supports and services constitutes disability discrimination in that it denies Plaintiff because of his disability the benefits of services, programs or activities of a public entity in violation of Title II of the Americans with Disabilities Act, 42

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

6

U.S.C. §§ 12131-12134.

30. Plaintiff has suffered and continues to suffer significant pain and anguish and is at risk of significant harm because of Defendants' unlawful, discriminatory conduct identified above.

### SECOND CAUSE OF ACTION – PLAINTIFF'S CONTINUED INCARCERATION CONSTITUTES A VIOLATION OF THE "INTEGRATION MANDATE" OF THE ADA

31. Plaintiff incorporates by reference paragraphs one (1) through twenty-seven (27), above.

32. The regulation implementing Title II of the ADA requires public entities to "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d)(emphasis added); 28 C.F.R. § 35.152(b)(2) (requiring that prisoners with disabilities be housed in the most integrated setting appropriate to their needs under the program access obligation); see also, *Olmstead v. L.C.*, 527 U.S. 581, 592, 597 (1999).

33. By allowing Plaintiff's continued incarceration at SSCF beyond his minimum, Defendants are violating the implementing regulations of Title II of the ADA by failing to administer the treatment of a qualified individual with a disability in the most integrated setting appropriate to the needs of that individual. 28 CFR § 35.130(d). *See*, *Olmstead*, Supra.

34. Plaintiff has suffered and continues to suffer significant pain and anguish and is at risk of significant harm because of Defendants' unlawful, discriminatory conduct identified above.

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

### THIRD CAUSE OF ACTION – PLACEMENT OF PLAINTIFF IN THE CURRENT CIRCUMSTANCES CONSTITUTES A VIOLATION OF THE REHABILITATION ACT

35.  Plaintiff incorporates by reference paragraphs one (1) through twenty-seven (27), above.

36.  Defendants' actions in allowing Plaintiff to continue to be incarcerated at SSCF past his minimum constitutes disability discrimination against Plaintiff, and has resulted in both denial to him of the benefits of services, programs or activities of a public entity in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), as well as significant pain and suffering, because Defendants willfully allowed Plaintiff to continue to be incarcerated past his minimum despite facts and circumstances demonstrating he is eligible for release into the community but for a lack of community based supports funded by Defendants.

37.  Defendants' actions and omissions identified above have caused and continue to cause Plaintiff harm.

### FOURTH CAUSE OF ACTION – PLACEMENT OF PLAINTIFF IN THE CURRENT CIRCUMSTANCES CONSTITUTES A VIOLATION OF THE VERMONT FAIR HOUSING AND PUBLIC ACCOMODATIONS ACT

38.  Plaintiff incorporates by reference paragraphs one (1) through twenty-seven (27), above.

39.  Defendants' actions in allowing Plaintiff to continue to be incarcerated at SSCF past his minimum without adequate mental health services constitutes disability discrimination against Plaintiff, and has resulted in both denial to him of services, facilities, goods, privileges, advantages, benefits, or accommodations in violation of 9 V.S.A. § 4502, in addition to significant pain and suffering, because Defendants

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

willfully allowed Plaintiff to be held in prison despite facts and circumstances demonstrating he is eligible for release into the community but for a lack of community based supports funded by Defendants.

40. Defendants' actions and omissions identified above have caused and continue to cause Plaintiff harm.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court:

1. Issue a judgment that the actions of Defendants described herein are unlawful and violate Plaintiff's rights under the laws of the United States and the State of Vermont;

2. Grant Plaintiff damages adequate to compensate Plaintiff for the pain and suffering, including emotional distress and loss of dignity, as well as physical injury, stemming from the violations of his rights as stated in this Complaint;

3. Award Plaintiff punitive damages;

4. Issue a preliminary and thereafter permanent injunction against Defendants, their subordinates, agents, employees, and all others acting in concert with them, from denying Plaintiff his right to be placed in the most integrated setting reasonable as set forth in this Complaint;

5. Order that Defendants transition Plaintiff to a supported community placement and provide Plaintiff with adequate mental health treatment and care in the most integrated setting reasonable;

6. Grant Plaintiff reasonable attorney fees and costs pursuant to 42 U.S.C. § 12205 and other applicable law; and Grant such other relief as the Court considers

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

9

just and proper.

      7.    Any other relief the Court determines fair and equitable.

Dated at Montpelier, Vermont this 15 day of October, 2015.

By:

_____
Arthur J. Ruben, Esq.
Counsel for Plaintiff
Disability Rights Vermont
141 Main Street, Suite 7
Montpelier, VT 05602
(802) 229-1355
aj@disabilityrightsvt.org


Original Verified Complaint signed and notarized by Plaintiff has been filed with the Court with a Motion to Seal.